

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Erisman
Criminal District Attorney
Longview, Texas

Dear Sir:

Opinion No. O-3307
Re: Do the provisions of
Art. 373, P. C., prohibit
the county commissioner
from selling the desired
land to the county for a
highway to be used for
national defense, and a
related question.

Your recent request for an opinion of this department on the questions as are herein stated has been received.

We quote from your letter as follows:

"One of our County Commissioners has requested this office for an opinion with reference to the construction of a State Highway across his land.

"It is my understanding that the State Highway Department, working in conjunction with the National Defense Program, has designated a highway through Gregg County, the right of way for such highway to be acquired by the Commissioners' Court, and the State Highway Department is anxious to let the contract for this road.

"The construction of the highway as now designated, will pass through property owned by a duly elected and qualified County Commissioner, will destroy two ponds and necessitate the removal of barns, houses and other improvements, as well as occasion considerable damage to growing crops on the desired right of way.

Honorable Fred Erisman, Page 2

"The County Commissioner is ready, anxious and willing to assist in the construction of the highway and to accept a reasonable amount of damages to be assessed, either by disinterested parties or by a Board of Condemnation.

"It is the opinion of our office that because of the provisions of Article 373 of the Penal Code of the State of Texas, that this County Commissioner cannot execute right of way deeds for this property, or enter into any contract, whereby he would receive money from Gregg County, for the damages occasioned by the construction of the road.

"We have discussed the probability of relocating the proposed highway with engineers of the State Highway Department and are advised that this is the most desirable location, and any other location would not be satisfactory to the Federal Bureau of Roads or economical in construction.

"Will you please advise me whether or not the provisions of Article 373 of the Penal Code, prohibits this County Commissioner from selling the desired land to the County for this purpose; second, whether or not a condemnation proceeding instituted by the County would be authorized to condemn the desired land, and if the payment of the condemnation award out of the County road funds to the County Commissioner by a vote of the County Commissioners' Court, would be a violation of Article 373?

"It is the opinion of this office that such property cannot be acquired by the County from the County Commissioner, either by direct contract or by condemnation, because of the provisions of Article 373."

Article 373, Vernon's Annotated Penal Code, reads as follows:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county,

Honorable Fred Erisman, Page 3

city or town, through its agents, or other-
wise, for the construction or repair of any
bridge, road, street, alley or house, or
any other work undertaken by such county,
city or town, or shall become interested
in any bid or proposal for such work or in
the purchase or sale of anything made for
or on account of such county, city or town,
or who shall contract for or receive any
money or property, or the representative of
either, or any emolument or advantage what-
soever in consideration of such bid, pro-
posal, contract, purchase or sale, he shall
be fined not less than fifty nor more than
five hundred dollars."

Article 6674n, Vernon's Annotated Civil Statutes, pro-
vides:

"Whenever, in the judgment of the State
Highway Commission, the use or acquisition
of any land for road, right of way purposes,
timber, earth, stone, gravel or other material,
necessary or convenient to any road to be
constructed, reconstructed, maintained, widened,
straightened or lengthened, or land not exceed-
ing one hundred (100) feet in width for stream
bed diversion in connection with the locating,
relocating or construction of a designated
State Highway by the State Highway Commission,
the same may be acquired by purchase or con-
demnation by the County Commissioners Court.
Provided that the County in which the State
Highway is located may pay for same out of
the County Road and Bridge Fund, or any availa-
ble county funds.

"Any Commissioners Court is hereby author-
ized to secure by purchase or by condemnation
on behalf of the State of Texas, any new or wider
right of way or land not exceeding one hundred
(100) feet in width for stream bed diversion
in connection with the locating, relocating or
construction of a designated State Highway, or
land or lands for material or borrow pits, to
be used in the construction, reconstruction,

Honorable Fred Erisman, Page 4

or maintenance of State Highways and to pay for the same out of the County Road and Bridge Fund, or out of any special road funds or any available county funds. The State Highway Commission shall be charged with the duty of furnishing to the County Commissioners Court the plats or field notes of such right of way or land and the description of such materials as may be required, after which the Commissioners Court may, and is hereby authorized to purchase or condemn the same, with title to the State of Texas, in accordance with such field notes. Provided that in the event of condemnation by the County the procedure shall be the same as that set out in Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, of 1925. Provided that if the County Commissioners Court of any County in which such right of way is, in the judgment of the State Highway Commission, necessary for the construction of a part of a designated State Highway shall fail or refuse to secure by purchase or by condemnation for or on behalf of the State of Texas, such right of way or part thereof, immediately and as speedily as possible, under said Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, of 1925, after being served with a copy of an order of the State Highway Commission identifying by field notes, the part of the Highway necessary for the construction of such designated State Highway and requesting such County Commissioners Court to secure same, then and in such event and within ten (10) days after the service of such notice, said State Highway Commission shall direct the Attorney General of Texas, to institute condemnation proceedings in the name of the State of Texas, for the purpose of securing such right of way. The right of eminent domain to condemn any part of a right of way for a State designated highway, under the conditions herein set out is hereby conferred on the State Highway Commission and the jurisdiction for the exercise of such

Honorable Fred Erisman, Page 5

right is hereby conferred on the County Court of Travis County. Such condemnation proceedings shall be instituted by the Attorney General by filing a statement for condemnation with the County Judge of Travis County, Texas, and the venue of such proceeding shall be in Travis County, Texas, and jurisdiction and authority to appoint three (3) disinterested freeholders of Travis County, Texas, as Commissioners is hereby conferred upon the County Judge of Travis County, Texas, and otherwise such condemnation shall be according to the provision of said Title 52, Articles 3264 to 3271, inclusive, Revised Civil Statutes of Texas, of 1925.

Eminent domain is the right or power of a sovereign State to appropriate private property for the promotion of the general welfare. (Byrd Irr. Co. v. Smythe, 146 S. W. 1064; Crawford v. Prio County, 153 S. W. 390; Tex. Jur., Vol. 16, p. 560.) The Legislature has made several provisions for the exercise of the power of eminent domain by the State directly. Thus it is provided generally that "when any land shall be required by the State for any character of public use" and the Governor has failed to agree with the owner on the amount of compensation therefor, he may cause the Attorney General to institute proceedings for its condemnation in the name of the State. (Article 5240, Vernon's Annotated Civil Statutes). Other statutes authorize the State to condemn any land "for road, right of way purposes, timber, earth, stone, gravel or other material, necessary or convenient" for the construction, reconstruction, maintenance, widening, straightening or extension of any State Highway. (Hall v. Wilbarger County, 37 S. W. (2d) 1041; Watt v. State, 33 S. W. (2d) 744; Article 6674n; Tex. Jur., Vol. 16, p. 584). The procedure to be followed in condemnations of this character is that set forth in the general condemnation statutes.

Article 6674n, supra, authorizes the commissioners' court to condemn land for right of way purposes or for the extraction of road building materials and the establishment of borrow pits in connection with the construction, reconstruction, or maintenance of State Highways. This statute provides that the procedure to be followed shall be that set forth in the general condemnation statutes. The venue of such proceedings is fixed in the county wherein the land sought to be condemned lies.

Honorable Fred Erisman, Page 6


The case of O'Keese v. Hudspeth County, 25 S. W. (2d) 625, among other things, holds that when a county seeks to condemn land under this statute (Article 667n, Vernon's Annotated Civil Statutes), the commissioners' court does not act in behalf of the county but in behalf of the State Highway Commission.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that Article 373 of Vernon's Annotated Penal Code prohibits the county commissioner from selling the described land to the county. However, we believe that a condemnation proceeding could be legally and properly instituted under Article 667n, supra, and that the condemnation award could be legally paid out of the county road funds to the county commissioner owning the land which is condemned. We do not think Article 373, Vernon's Annotated Penal Code, prohibits the above mentioned condemnation procedure or the paying of the condemnation award out of the County Road Funds.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Ardell Williams

Ardell Williams
Assistant

APPROVED APR 2, 1941

AW:RS